UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUGLAS QUALEY                    *         CIVIL ACTION

VERSUS                           *         NO: 06-5327 C/W 06-7613

GAYNELL J. MARTIN INSURANCE,     *         SECTION: "D"(4)
INC., ET AL

## ORDER AND REASONS

Before the court is the **Motion for Summary Judgment** (Doc. No. 43) filed by Plaintiff, Douglas Qualey. Defendant, Gaynell J. Martin Insurance, Inc. (Martin Insurance), filed a memorandum in opposition. The motion was set for hearing on Wednesday, October 8, 2008, on which date the court heard oral argument from counsel. Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact, and Plaintiff is entitled to Judgment as a matter of law.[1]

## I.  Background

On or about **June 15, 2005**, Plaintiff requested that his

---

[1]    Martin Insurance previously filed a Motion for Summary Judgment (Doc. No. 11), which the court denied (Order, Doc. No. 25). *See* footnote 6.

insurance agent, Martin Insurance, increase the flood coverage on his properties located at 3043-45 Burgundy, 421-23 S. Genois, and 2312-14 Marengo in New Orleans, Louisiana.[2]  (Plaintiff's flood insurance policies on these properties was issued by The Standard Fire Insurance Company, also a Defendant in this action).

On **July 15, 2005**, Martin Insurance sent a written request for the increased flood coverages to The Standard Fire Insurance Company, via standard post.[3]  On or about this same date, Plaintiff received from Martin Insurance, Change Endorsement Forms with effective dates of **August 14, 2005**.[4]  The Change Endorsement Forms also each state that the "Date on Application" is July 14, 2005.

Standard Fire represents that "[its] system shows that, on **August 1, 2005**, Standard Fire received certain endorsement requests dated July 15, 2005, relating to Plaintiff's 3 NFIP policies, along

---

[2]   *See* Original Affidavit of Plaintiff, Douglas Qualey, Doc. 22-2, attached to Plaintiff's Opposition to Martin Insurance's previously filed Motion for Summary Judgment (Doc. No. 11).  Plaintiff references this Affidavit in footnote 1 of his instant memorandum (Doc. No. 43-2, p. 2) in support of his Motion for Summary Judgment, and states that it a copy of it is attached as Exhibit 1, but no Exhibit 1 is attached to Plaintiff's instant memorandum.

According to his Affidavit, Plaintiff requested that: flood coverage on his Burgundy property be increased from $88,700 to $125,000; that flood coverage on his S. Genois property be increased from $79,900 to $115,000; and flood coverage on his Marengo property be increased from $72,600 to $125,000.

[3]   *See* Affidavit of Michael Martin, Doc. No. 46-2 at ¶7.

[4]   *See* Original Affidavit of Plaintiff, Douglas Qualey and attached Change Endorsement Forms, Doc. 22-2, submitted with Plaintiff's Opposition to Martin Insurance's previously filed Motion for Summary Judgment (Doc. No. 11).

with the corresponding premiums."[5]  On **August 29, 2005**, Hurricane Katrina struck the New Orleans area, resulting in levee breaches and rising flood waters.  Plaintiff claims that his properties were flooded and his property losses exceeded the coverage limits on his properties, as those limits existed on June 15, 2005.  Standard Fire advised Plaintiff that the additional coverage which he had requested pre-Katrina did not go into effect until **August 31, 2005** (i.e., 30 days after August 1, 2005, when Standard Fire purportedly received the Change Endorsement Forms).

In this lawsuit, Plaintiff sues both Martin Insurance and Standard for failing to properly request and/or process Plaintiff's request for additional coverage limits.  In the instant Motion for Summary Judgment, Plaintiff seeks summary judgment against Martin Insurance claiming that Martin Insurance failed to obtain the increased coverage that Plaintiff requested in a timely manner and failed to send the application for increased coverage to Standard Fire by certified mail.[6]

---

[5]     *See* Affidavit of Scott Holmes, attached to Standard's Memorandum in Opposition (Doc. No. 18) to Martin Insurance's previously filed Motion for Summary Judgment (Doc. No. 11).

[6]     In its previously filed Motion for Summary Judgment, Martin Insurance argued that it submitted Plaintiff's request to increase coverage in a timely manner, but that Standard Fire failed to process the request for additional coverage in an appropriate manner The court denied this motion finding that:

> based on the summary judgment evidence submitted by the parties, ... there are genuine issues of material fact as to when [Standard Fire] received the endorsement requests and premiums for the increased flood coverage.  And thus the effective date of the increased coverage is also disputed.

## II.  Legal Analysis

Federal regulations provide that a request for new or increased flood coverage will be effective thirty (30) days after the application date and payment of premium.  44 C.F.R. §61.11(c). If, however, the insurer receives the application and premium within ten (10) days of the application, the waiting period will be calculated from the date of the application.  Moreover, if the application and premium are sent to the flood insurer *by certified mail* within four days of the application date, the waiting period will be calculated from the date of the application, even if the application and payment are received more than ten days after the application date.  44 C.F.R. §61.11(e).

"Thus, if the application and premium payment are received after ten (10) days from the date of the application or are not mailed by certified mail within four (4) days from the date of the application, the waiting period will be calculated from the date of the receipt at the office of the NFIP."  *Id*.

As the Fifth Circuit explains:

> This regulation provides a way of eliminating doubt concerning the timeliness of mail service in regard to its effect on the effective date of a new insurance policy.  The use of **certified mail service** within four days of the application is the only way to

---

(*See* Order and Reasons, Doc. No. 25, p. 2).

4

> guarantee an effective date of one day after
> the application date.

*Smith v. National Flood Insurance Program,* 796 F.2d 90, 93 (5th Cir. 1986)(emphasis added).

Here, the parties have not submitted into evidence, Plaintiff's applications for increased flood coverage. However, Plaintiff attached to his Affidavit (Doc. No. 22-2), the pertinent Change Endorsement Forms which each show the "Date on Application" as "7-14-2005" and the "Endorsement Effective Date" as "8-14-2005" (two weeks prior to Hurricane Katrina). Martin Insurance does not dispute that each form bears the signature of agent, Gaynell J. Martin. Thus, Martin Insurance "assumed a duty to guarantee that effective date of [8-14-05]." *Smith*, 796 F.2d at 93.

But Martin Insurance admits that it sent Plaintiff's applications to Standard Fire by regular mail, and <u>not</u> by certified mail. Thus, Martin Insurance "failed to avail [itself] of the only sure method of fulfilling [its] duty" to guarantee an effective date of August 15, 2005 (thirty days after the date of Plaintiff's application for higher coverages). *Id.* Such failure resulted in an effective date of August 31, 2005 (thirty days after Standard Fire claims it received the endorsement requests and corresponding payments). The court concludes that, if Plaintiff proves his losses, Martin Insurance is liable up to the difference between

Plaintiff's prior flood coverage limits and Plaintiff's requested higher limits, because Martin Insurance's use of the regular mail service was negligent.  *Id*.[7]

---

[7]      Martin Insurance argues that:

> Martin Insurance sent the requests for increased coverage to Standard Fire on July 15, 2005, by standard post.  The increases should have been received within ten days and effective on August 15, 2005.  After Hurricane Katrina, Martin Insurance was informed by a Travelers (a subsidiary of Standard Fire) underwriter that the requests and payment were received at an office in Bethesda, Maryland, only to be forwarded to an office in the South Carolina office for processing.  Martin Insurance was told the requests were received at the South Carolina office on August 1, 2005, and this was the date used to calculate the effective dates of the increases.  The fact that the requests were received in the South Carolina office on August 1, 2005, after being first received at the Bethesda office and then forwarded, shows that the requests were received prior to August 1, 2005.  Further, Martin Insurance requested the postmarked envelope to determine the date the Bethesda office received the requests, but was told it could not be provided.

(*See* Martin Insurance's Opp. Memorandum, Doc. No. 46 at p. 2).

        Thus, Martin Insurance argues that "[w]hether Standard Fire received the endorsement requests within 10 days of the request, so as to require an effective date of August 15, 2005, is an unresolved question of fact for the jury."  (*Id*. at p. 5).  However, such an argument would only be relevant in resolving a cross claim between Martin Insurance and Standard Fire; it is not relevant to Plaintiff's claim against Martin Insurance.  And, again,

> [The federal regulation, 44 C.F.R. §61.11(e)] provides a way of eliminating doubt concerning the timeliness of mail service in regard to its effect on the effective date of a new insurance policy.  The use of **certified mail** service within four days of the application is the only way to guarantee an effective date of one day after the application date.

*Smith,* 796 F.2d at 93 (emphasis added).

        The court notes that Martin Insurance has not filed a cross-claim against Standard Fire.  As to Plaintiff's remaining claim(s) against Standard Fire, Plaintiff must prove that Standard Fire received the change endorsement forms within ten days of Plaintiff's application for increased coverage.  However, nothing herein should be construed to indicate that Plaintiff is entitled to double recovery (i.e., recovery from both Martin Insurance and Standard Fire).

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for Summary Judgment** (Doc. No. 43) filed by Plaintiff, Douglas Qualey, against Defendant, Gaynell J. Martin Insurance, Inc., be and is hereby **GRANTED**.

New Orleans, Louisiana, this **8th** day of **October**, **2008**.

_____
                        A.J. McNAMARA
            UNITED STATES DISTRICT JUDGE